## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

HENRY GARDNER,

        Petitioner,

vs.                                      Civ. No. 97-1187 LH/WWD

TIM LeMASTER, Warden,

        Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1.   THIS MATTER comes before the Court upon respondent's Motion to Dismiss, filed March 24, 1998 [24-1].  Respondent seeks the dismissal on the ground that petitioner's  habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, was filed outside the one-year statute of limitations.  Petitioner has pending a motion for appointment of counsel as well as several motions to compel a response to his petition [14, filed Dec. 18, 1997; 15, filed Dec. 29, 1997; 16, filed Jan. 12, 1998; and 20, filed Feb. 3, 1998].

2.   In addition to a one-year statute of limitations now imposed by the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA"),[1] the new limitation in AEDPA also provides for tolling of the one-year period while post-conviction or collateral review is pending.  28 U.S.C. § 2244(d)(2).  Most courts have granted petitioners a grace period from April 24, 1996 until April 24, 1997 in which to complete their direct and collateral proceedings in order to prevent the time for running out for the filing of their federal habeas petitions under AEDPA's one-year statute of limitations.  See, e.g., United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997).

_____

[1]  Pub.L. No. 104-132, 110 Stat. 1217 (1996), to be codified at 28 U.S.C. § 2244(d).

3.   Mr. Gardner's present petition was filed on September 5, 1997.  The Tenth Circuit has not addressed the issue of whether the grace period is tolled by state collateral proceedings. However, many courts have leaned toward allowing tolling during this period, even though they differ with respect to the amount of total time to be allotted to this grace period.   Hughes v. Irvin, 967 F.Supp. 775 (E.D.N.Y. 1997) and Moseley v. French, 961 F.Supp. 889, 891 (M.D.N.C. 1997) with Valentine v. Senkowski, 966 F.Supp. 239, 240 (S.D.N.Y. 1997), Martin v. Jones, 969 F.Supp. 1058 (M.D.Tenn. 1997), Ashmus v. Calderon, 1997 WL 570711 (N.D.Cal. 1997).

4.   Tolling appears to be consistent with the purpose behind the one-year grace period set forth in Simmonds, in order to allow time to prepare petitions and motions for post-conviction and collateral proceedings for those petitioners who had "no prior notice of the new limitations period. . . ." Simmonds at 745.

5.   In this case, however, tolling does not aid the petitioner.  His first state habeas petition was filed on April 23, 1997 and denied on May 20, 1997, tolling the grace period for 27 days. Ans., Exs. L, M.  Mr. Gardner's second collateral proceeding was a petition for writ of certiorari of his habeas denial.  This was filed on June 19, 1997 and denied on June 24, 1997, tolling the period for another 5 days.   Ans., Exs. N, O.  Even after adding a total of 32 days to the April 24, 1997 deadline marking the end of the one-year grace period, Mr. Gardner's petition still falls outside the limitations period.[2]

_____

[2]  Even allowing that tolling should also be included for the period of time between  May 20, 1997 and June 19, 1997 (from the denial of the state habeas petition to filing for writ of certiorari), without examining if or how this applies under Simmonds, a new total of 62 days does not affect the untimeliness of the petition.

2

6.  Given that my findings recommend dismissal in this case, the other pending motions should be dismissed as moot [14, 15, 16, and 20].

**Recommendation**

I recommend that respondent's Motion to Dismiss [24-1] be **granted** and that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **dismissed with prejudice in its entirety**.  Also, I recommend that petitioner's Motion for Appointment of Counsel [14] and his several Motions to Compel a Response [15, 16 and 20] be **denied as moot**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

UNITED STATES MAGISTRATE JUDGE